IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENISE L. PORTIS,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0557-WS-C** |
| | ) |
| **WAL-MART STORES, INC.,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint (doc. 7). The Motion has been briefed and is ripe for disposition at this time.

**I.    Background.**

    On July 6, 2007, plaintiffs Denise L. Portis and Montgomery Portis filed a Complaint against defendants Wal-Mart Stores, Inc., Kevin Lavoras, and 10 fictitious defendants in the Circuit Court of Mobile County, Alabama. The Portises interpose state-law claims for negligence, wantonness, recklessness, and loss of consortium stemming from an incident on August 1, 2005, in which Denise Portis ("Ms. Portis") sustained injuries when large bags of bedding and comforters fell onto her from a shelf while she was shopping in a Wal-Mart retail store in Mobile, Alabama. Named defendants included Wal-Mart and Kevin Lavoras, who was alleged to be "the manager of the Wal-Mart store where plaintiff was injured ... at all times pertinent to plaintiffs' complaint." (Complaint, ¶ 3.) Fictitious defendants included the store manager (in case Lavoras was named incorrectly), the "persons or entities responsible for the stacking and storing of items on the shelves," the "persons or entities who were responsible for store safety," and the "persons or entities otherwise responsible for the acts complained of." (*Id.*, ¶¶ 3-6.)

    On August 7, 2007, Wal-Mart and Kevin Lazarus (the correct name of the defendant identified as "Kevin Lavoras" in the Complaint) removed this action to this District Court pursuant to 28 U.S.C. §§ 1332 and 1441. To satisfy diversity jurisdiction, defendants maintained that plaintiffs and Wal-Mart were of diverse citizenship, that the amount in controversy exceeded

$75,000, and that defendant Lazarus's citizenship could be ignored for diversity purposes because he had been fraudulently joined, inasmuch as he was not the Wal-Mart store manager at the time of the incident in question. Plaintiffs concurred that Lazarus had been joined as a defendant in error; therefore, on September 7, 2007, the undersigned entered an Order (doc. 8) dismissing plaintiffs' claims against Lazarus in their entirety.

Contemporaneously with acknowledging that dismissal of Lazarus was appropriate, plaintiffs filed a Motion for Leave to Amend Complaint, seeking to amend their pleading in three respects. First, plaintiffs sought to add Wal-Mart Stores East, L.P., as a defendant, based on Wal-Mart's representations in the Notice of Removal that that entity was the proper Wal-Mart defendant. Second, plaintiffs sought to add Xavier Miller, "who is upon information and belief the assistant manager of the Wal-Mart store where the Plaintiff's injury occurred," as a party defendant. (Motion, ¶ 6.) Third, plaintiffs sought to add Joey McKinstry, "who is upon information and belief the manager of the Wal-Mart Store where the Plaintiff's injury occurred at the time the incident occurred," as a party defendant. (*Id.*, ¶ 7.)[1]

---

[1] With respect to both Miller and McKinstry, plaintiffs request leave to substitute those individuals for certain fictitious party defendants, with McKinstry substituting for fictitious defendant A and Miller substituting for fictitious defendants B, E and/or H. (Motion, ¶¶ 6-7.) Of course, fictitious party pleading is not generally permitted in federal court. *See, e.g.,* Rule 10(a), Fed.R.Civ.P. (caption of complaint "shall include the names of all the parties"); 28 U.S.C. § 1441(a); *Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098-99 n.14 (11th Cir. 1992); *Collins v. Fingerhut Companies, Inc.*, 117 F. Supp.2d 1283 n.1 (S.D. Ala. 2000) ("fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure"); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."). And it is clear that federal rules, not state rules, apply to these proposed amendments, inasmuch as they post-date removal. *See* Rule 81(c), Fed.R.Civ.P. ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); *compare Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400-01 (6th Cir. 2002) (opining that amended complaint filed in state court prior to removal must be examined under state version of relation-back rules, not the federal version, because federal rules applied only post-removal); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) (state law governs whether amended complaint relates back "because the relevant amendments and service of process preceded removal to federal court"). For that reason, the Court will apply federal law, rather than Alabama fictitious party principles, in assessing whether the requested amendment is permissible. Given the proscription on fictitious party pleading in federal court as described above, plaintiffs' amended complaint cannot list fictitious defendants.

**II.     Analysis.**

In response to plaintiffs' Motion, Wal-Mart (the only remaining defendant at this juncture) expressed no opposition to the proposed amendment insofar as it sought to add Wal-Mart Stores East, L.P., as a defendant.[2]  There is no dispute that Wal-Mart Stores East, L.P., is of diverse citizenship from plaintiffs; therefore, its inclusion would not implicate or undermine subject matter jurisdiction.  Nor did Wal-Mart voice any meaningful objection to plaintiffs' attempt to join McKinstry as a party defendant.  McKinstry's presence would not destroy diversity jurisdiction because, as the proposed First Amended Complaint states, McKinstry "is a resident citizen of Panama City, Florida, and was the manager of the Wal-Mart store where plaintiff was injured at all times pertinent to plaintiffs' complaint."  (Doc. 7, Exh. D, at ¶ 4.)  In light of defendant's failure to object to either of these aspects of the proposed amendment, the fact that neither of these proposed defendants will destroy diversity jurisdiction, and the mandate of Rule 15(a) that leave to amend shall be freely given when justice so requires, the Motion for Leave to Amend Complaint is **granted** with respect to the proposed additions of Joey McKinstry and Wal-Mart Stores East, L.P., as party defendants.

Less clear-cut is whether plaintiffs' amendment should be permitted with respect to Xavier Miller, whom the proposed First Amended Complaint identifies as "a resident citizen of Mobile County, Alabama, and ... the assistant manager of the Wal-Mart store where plaintiff was injured at all times pertinent to plaintiffs' complaint."  (Motion, Exh. D, ¶ 5.)  Plaintiffs are also Alabama citizens; therefore, Miller is non-diverse to them and his proposed inclusion as a party defendant triggers the special provisions of 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15(a), Fed.R.Civ.P.  *See, e.g., Newman v. Motorola, Inc.*, 218 F.

---

[2]     Confusingly, Plaintiffs' Motion for Leave to Amend Complaint (doc. 7) names the putative defendant as "Wal-Mart East, L.P.," but their proposed First Amended Complaint would identify that defendant as "Wal-Mart Stores East, L.P." (Doc. 7, Exh. D, at ¶ 2.)  This confusion is echoed in Wal-Mart's own filings, inasmuch as the Notice of Removal (doc. 1) and Answer (doc. 2) were filed by "Wal-Mart Stores East, L.P.," but the opposition brief to the Motion for Leave to Amend was submitted by "Wal-Mart East, L.P." (Doc. 9.)  It appears that "Wal-Mart Stores East, L.P.," is the correct appellation; however, the Court expects the parties to work together in discovery to confirm that such is the case and to act promptly to make any corrections to that entity's name based on the results of discovery.

Supp.2d 783, 786 (D. Md. 2002) ("when a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)") (citation omitted); *Bevels v. American States Ins. Co.*, 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal."); *Clinco v. Roberts*, 41 F. Supp.2d 1080, 1086-87 & n.4 (C.D. Cal. 1999) (adopting prevailing view that § 1447(e) trumps Rule 15(a) when proposed amendment would eliminate diversity).

Section 1447(e) provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* Decisions applying § 1447(e) have made clear that the statutory language means just what it says. For example, in *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998), the court explained that where § 1447(e) applies, "the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand [plaintiff]'s case to state court." *Id.* at 862.[3]

As is implicit in the text of § 1447(e), the decision to grant or deny a post-removal motion to amend a complaint which would destroy federal subject matter jurisdiction is discretionary. *See, e.g., Mayes v. Rappaport*, 198 F.3d 457, 462 (4th Cir. 1999)("Under Section 1447(e), the actual decision on whether or not to permit joinder of a [non-diverse] defendant ... is committed to the sound discretion of the district court"); *Town of Gordon v. Great American Ins.*

---

[3]     *See also Kabakjian v. United States*, 267 F.3d 208, 212 (3rd Cir. 2001) (describing § 1447(e) as a provision through which district court can, "after suit is filed, permit the destruction of subject matter jurisdiction"); *Garland v. RLI Ins. Co.*, 491 F. Supp.2d 338, 342 (W.D.N.Y. 2007) ("upon joinder of a non-diverse party after removal, remand is required by § 1447(e)"); *Wayman v. Accor North America, Inc.*, 486 F. Supp.2d 1280, 1283 (D. Kan. 2007) (holding that joinder of a new, nondiverse defendant defeats diversity jurisdiction). One district court succinctly summarized the options available in the § 1447(e) context as follows: "[A]fter a case has been properly removed to federal court, if a plaintiff seeks to amend the complaint in a way that would destroy jurisdiction, the court has discretion to deny the amendment and maintain jurisdiction, or grant the amendment and remand the case to state court. What the court cannot do is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case." *Smith v. White Consol. Industries, Inc.*, 229 F. Supp.2d 1275, 1278 (N.D. Ala. 2002).

*Co.*, 331 F. Supp.2d 1357, 1359 (M.D. Ala. 2004) (recognizing discretion in § 1447(e) context); *Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 579 (E.D. Pa. 1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach"). Such discretion does not imply that § 1447(e) amendments should be granted as a matter of course. To the contrary, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F. Supp.2d 1294, 1299-1300 (S.D. Fla. 2006) (explaining that a plaintiff "is not automatically entitled to add non-diverse defendants following removal to destroy diversity").

The leading authority guiding district courts in the exercise of this discretion is *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), in which the Fifth Circuit identified four factors germane to this inquiry, to-wit: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities. *Id.* at 1182. This framework is designed to facilitate the balancing of the defendant's interest in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts. *Id.*; *see also Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990) ("In determining whether joinder pursuant to § 1447(e) is appropriate, the district court is required to balance the equities involved."). Although *Hensgens* predates the 1988 enactment of § 1447(e), courts in this Circuit routinely apply its teachings today when faced with a post-removal motion to amend that would compromise federal jurisdiction.[4]

---

[4] *See Dasma*, 459 F. Supp.2d at 1300 ("The factors a court should consider include the plaintiff's motivation for joinder of the non-diverse parties, the prejudice to the plaintiff if the amendment is not allowed, the timing of the amendment, the original defendant's choice of forum (through removal), and the likelihood of multiple litigation."); *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp.2d 1273, 1275 (M.D. Ala. 2005); *Smith*, 229 F. Supp.2d at 1280; *Jerido v. American Gen. Life & Accident Ins. Co.*, 127 F. Supp.2d 1322, 1325 (M.D. Ala. 2001); *Bevels*, 100 F.Supp.2d at 1313; *Sexton v. G & K Services, Inc.*, 51 F. Supp.2d 1311, 1312 (M.D.

Applying the *Hensgens* factors here, the Court finds that the Portises have not been dilatory in seeking amendment; to the contrary, they filed their motion seeking leave to amend the complaint just two months after this action commenced and before any formal discovery took place. There is, however, substantial record evidence suggesting that the proposed joinder of Miller as a party defendant was intended to defeat federal jurisdiction, that plaintiffs will not be harmed if Miller is excluded, and that the equities militate against allowing that amendment at this time. In particular, the original Complaint filed in state court says nothing about any assistant manager (known or unknown) having any responsibility or liability to the Portises. Additionally, plaintiffs' counsel's affidavit states that in investigating the Portises' claims before filing suit, counsel's office asked Wal-Mart "who the manager of the store was back in 2005 when Mrs. Portis was injured." (Franklin Aff., ¶ 2.) There is no indication that plaintiffs' counsel made any pre-filing inquiry concerning any <u>assistant</u> manager at the store at the time of Ms. Portis's injury. Moreover, Wal-Mart has submitted the Affidavit of Xavier Miller, in which he avers as follows: (a) Miller was one of 15 assistant managers employed at this Wal-Mart store on the date in question; (b) Miller's responsibilities were confined to front-end operations, meaning oversight of cashiers and check-out procedures; (c) Miller had no responsibility for the stacking and storing of comforters and bedding; and (d) Miller was on vacation on the date of Ms. Portis's injury. (Doc. 9, at Exh. A.) These statements suggest that Miller has no connection to the events being litigated herein, and that his principal value to plaintiffs is his Alabama citizenship that would destroy diversity jurisdiction and return this case to state court.

Notwithstanding this evidence that they have fingered the wrong guy, plaintiffs steadfastly assert that they should be allowed to join Miller as a defendant. In particular, plaintiffs explain that they first identified Miller after the Notice of Removal was filed, when plaintiffs' counsel learned from a fellow attorney with experience in suing Wal-Mart that Miller had been "the assistant store manager" in 2005. (Franklin Aff., ¶ 7.) Plaintiffs also seek to bolster their identification of Miller by pointing to evidence that in unrelated litigation arising

---

Ala.1999); *Weathington v. United Behavioral Health*, 41 F. Supp.2d 1315, 1318 (M.D. Ala 1999); *Jarriel v. General Motors Corp.*, 835 F. Supp. 639, 641 (N.D. Ga. 1993). In that regard, some courts have characterized § 1447(e) as a mere codification of the *Hensgens* rule. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 n.4 (5th Cir. 1999) (citing cases).

from a slip-and-fall at that same store in 2004, Miller was listed by Wal-Mart as a witness and was apparently involved in generating the internal incident report resulting from that slip-and-fall. (Doc. 12, at Exhs. B & C.) According to plaintiffs, this evidence pertaining to the 2004 incident suggests that Miller's responsibilities may have exceeded the innocuous "cashiers and check-out procedures" duties delineated in his affidavit and calls into question the veracity of said affidavit.

More generally, plaintiffs' point is that it is not fair to expect them to respond to Wal-Mart's evidence concerning Miller because no discovery has taken place. In that regard, plaintiffs protest that they "are at a disadvantage in responding to affidavits of Wal-Mart's employees" without the benefit of discovery. (Doc. 12, at 7.) Although plaintiffs concede "that chances are that Miller did not sign the incident report in this case," their facts concerning the 2004 slip-and-fall "underscore the difficulty of responding to an affidavit in a vacuum, and the potential unreliability of the inferences to be drawn from the affidavit filed in this case by Miller." (*Id.* at 8.) In addition to questioning Miller's efforts to circumscribe his duties to preclude any nexus with this action, plaintiffs also balk that Miller's bare allegation that he was on vacation on the date of the accident says nothing about when he commenced his vacation and therefore does not necessarily absolve him from blame.

The Court understands and appreciates plaintiffs' dilemma in rebutting the Miller Affidavit prior to discovery. But the fact remains that Miller's inclusion as a defendant would have sweeping jurisdictional implications. Indeed, it is the difference between this case proceeding in federal court and it being remanded to state court. Plaintiffs essentially concede that they have no reliable basis at this time for believing that Miller had responsibility for stacking shelves in the bedding department at the time of Ms. Portis's injuries, that he completed the incident report after that accident, or that he was even in the store or in the United States at that time. Discovery is certainly necessary to firm up Miller's role (if any) in the underlying incident, and may reveal some basis for liability. But plaintiffs are putting the cart before the horse. At this point, plaintiffs admittedly have nothing more than a gossamer strand of speculation (directly contradicted by an affidavit from Miller himself, no less) to support his inclusion as a defendant in this case. It would be highly inequitable and would disregard defendants' right to invoke a federal forum if this Court were cavalierly to dispatch this case to

state court just because there is some remote possibility that Miller (a nondiverse person) might be connected to the Portises' injuries in some way.

Framed in terms of the *Hensgens* factors, it is the opinion of this Court that there is substantial evidence that plaintiffs seek to add Miller for the purpose of defeating federal jurisdiction. Nothing in plaintiffs' pre-filing inquiries, in their original Complaint, or their initial batch of discovery requests filed in state court suggests that plaintiffs had any interest in pursuing claims against an unidentified assistant manager at the Wal-Mart store where the accident occurred. Rather, the first time plaintiffs expressed interest in suing an assistant manager was after they realized that Lazarus was not a proper defendant and after they learned that McKinstry, the manager of the store on that date, was of diverse citizenship to plaintiffs. These circumstances raise a strong inference that plaintiffs are merely casting about for a non-diverse defendant, and that Miller was the first one they could find, so they rushed to add him as a defendant in spite of the multitude of other assistant managers and their lack of any substantial reason to believe that he has any connection at all to the events of August 1, 2005.

Likewise, the Court finds that the Portises would not be significantly injured if the amendment is denied. There is unequivocal evidence of record that Miller has no link to the events that underlie this lawsuit. In response to that evidence, plaintiffs offer little more than an uncorroborated, uninformed, unresearched hunch to support Miller's joinder as a defendant. Although discovery may establish otherwise, at this time all appearances are that Miller has no nexus to the complained-of events in this litigation. That being the case, plaintiffs will not incur any meaningful prejudice if they are not allowed to pursue their claims against him. By contrast, Wal-Mart would be adversely affected by Miller's joinder because it would lose the federal forum that it has properly invoked by timely removing this action to federal court. *See Hensgens*, 833 F.2d at 1182 (recognizing that "the diverse defendant has an interest in retaining the federal forum" because "the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum"). To strip defendants of their properly-exercised choice of forum based on nothing more than a hopeful guess that Xavier Miller might be linked to plaintiffs' claims in some way would be exactly the kind of inequity that the *Hensgens* balancing test is designed to avoid.

**III.     Conclusion.**

For all of the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint (doc. 7) is **granted in part**, and **denied in part**.  The Motion is **granted** insofar as plaintiffs seek to name Wal-Mart Stores East, L.P. and Joey McKinstry as additional parties defendant, pursuant to Rule 15(a), Fed.R.Civ.P.  However, the Motion is **denied** insofar as plaintiffs seek to name Xavier Miller, a nondiverse party, as a defendant.  Pursuant to 28 U.S.C. § 1447(e), the Court finds in its discretion that the equities would not be served by allowing plaintiffs to add Miller as a diversity-destroying party at this time, given that the amendment appears calculated to destroy federal jurisdiction, it appears highly unlikely that Miller has any connection to the events at issue herein, and plaintiffs are operating solely on the basis of guesswork in seeking to join him as a defendant.

Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, plaintiffs are **ordered**, on or before **October 26, 2007**, to file Plaintiffs' First Amended Complaint as a separate, freestanding pleading in substantially the form appended to their Motion as Exhibit D, except that: (a) all references to Miller must be deleted; (b) the completely blank page found at page 2 of the proposed First Amended Complaint must be removed; and (c) all references to fictitious parties must be deleted inasmuch as fictitious party pleading is generally not permitted in federal court and this amended pleading is being filed in an action properly pending in federal court.

DONE and ORDERED this 19th day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE